UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-21276-CIV-HUCK/SIMONTON

JOEL MARTINEZ,

    Plaintiff,

v.

ABL ENTERPRISES, II, INC., a/k/a
SUPER TRANSMISSION EXLCUSIVE MOTORS,
INC. & ENRIQUE QUERRERO

    Defendants.
_____/

## DEFENDANTS' MOTION TO ALTER OR AMEND A JUDGMENT PURSUANT TO RULE 59(E) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendants, ABL Enterprises, II, Inc., Exclusive Motors, Inc., and Enrique Guerrero ("Defendants"), through their undersigned attorneys, hereby file their Motion to Alter or Amend a Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and state:

### BACKGROUND

Plaintiff filed this action pursuant to § 207 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, for failure to pay overtime wages. The Plaintiff initially brought suit against ABL Enterprises and Enrique Guerrero, but when he found out that ABL Enterprises was not subject to enterprise coverage he amended the Complaint to add Exclusive Motors, which is a company owned by Defendant Guerrero. The Defendants then filed a Motion to Dismiss, seeking to dismiss the Amended Complaint against all parties for all counts.

The Court granted in part and denied in part the Defendants' Motion to Dismiss, which it had converted into a Motion for Summary Judgment. The Court found that Defendant Super Transmission is not subject to "enterprise coverage" under the FLSA because Super

Transmission has annual sales of less than $500,000.00, but the Court also found that Plaintiff Martinez could possibly enjoy "individual coverage" because a reasonable jury could find that he installed automotive parts and used cleaners that had traveled in interstate commerce. Defendants subsequently filed a Motion for Final Judgment, seeking to have a Final Judgment entered in favor of Exclusive Motors, Inc., because the Court granted summary judgment with respect to the claim for Exclusive Motors. Recently, in open Court, the Court inquired of the Plaintiff whether he objected to the relief sought (because Plaintiff had failed to respond to undersigned counsel's conferral attempts during the conferral process), and Plaintiff's counsel stated be had no objection, but desired for the final judgment in favor of Exclusive Motors be issued at the same time as the final judgment upon the jury's verdict (for appeal purposes). The Court agreed. However, on October 31, 2005, the Court issued its Final Judgment, and there is no mention of Exclusive Motors obtaining a final judgment against the Plaintiff, nor is there any **mention of Defendants' Motion for Entry of Final Judgment (in Exclusive Motors' favor).** Accordingly, Defendants request that the October 31, 2005 Final Judgment be amended to include a statement that Exclusive Motors is entitled to final judgment in its favor as to the claims that the Plaintiff brought against it in the Amended Complaint.

## MEMORANDUM OF LAW

### I. THE LEGAL STANDARD FOR GRANTING A MOTION TO ALTER OR AMEND JUDGMENT

The rule itself states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A Rule 59(e) motion is properly raised after the entry of final judgment on a disputed issue. "[T]he decision whether a particular pending motion falls under Rule 59(e) will of necessity determine whether an otherwise final judgment is appealable." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 177

(1989). In this case, the October 31, 2005, is such a Final Judgment. A motion to alter or amend a judgment may be granted, among other things, to correct a clear legal error or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Because the Plaintiff does not object to the relief, and because the Motion for Entry of Final Judgment is otherwise meritorious (as indicated by the Court in open Court), the October 31, 2005, for the reasons set forth above, should be amended to include a statement that: "Exclusive Motors, as a result of the Court's grant of summary judgment in its favor, shall take final judgment against the Plaintiff, and the Plaintiff shall take nothing from Defendant Exclusive Motors and go hence without day."

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Alter or Amend a Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

## CERTIFICATE OF CONFERRAL

I letter was sent to opposing counsel inquiring as to whether he objected to the relief sought, but no response was forthcoming as of the time this Motion was filed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been duly furnished by U.S. Mail to: J.H. Zidell, Esq., City National Bank Building, 300 71st Street, Suite #605, Miami Beach, Florida 33141, this 3rd day of November, 2005.

> Glasser, Boreth, Ceasar & Kleppin
> Attorneys for Defendants
> 8751 W. Broward Blvd.
> Suite 105
> Plantation, FL 33324
> Tel. (954) 424-1933
> Fax (954) 474-7405
> E-mail: Glabor@aol.com
>
> By: _____
> Chris Kleppin
> Fla. Bar No. 625485
>
> Harry O. Boreth
> Fla. Bar No. 190903

C:MyDocuments/SuperTrans/DefMtoAlterorAmendJudgment11/03/05