UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-21276-CIV-HUCK/TURNOFF

JOEL MARTINEZ,

    Plaintiff,

v.

ABL ENTERPRISES, II, INC., a/k/a
SUPER TRANSMISSION and ENRIQUE
GUERRERO

    Defendants.
_____/

**DEFENDANTS' MOTION FOR NEW TRIAL (CONCERNING AMENDED FINAL JUDGMENT), WITH INCORPORATED MEMORANDUM OF LAW**

Defendants, ABL Enterprises, II, Inc. and Enrique Guerrero ("Defendants"), through their undersigned attorneys, hereby file Defendants' Motion for New Trial, with Incorporated Memorandum of Law, pursuant to Federal Rule of Civil Procedure 59, and state:

## BACKGROUND

Plaintiff has filed this action pursuant to § 207 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, for failure to pay overtime wages. A trial was held on October 20-21, 2005, and the jury returned a verdict finding that with respect to the Plaintiff's work hours, there were some weeks in which he worked 0 overtime hours, some he worked 4 overtime hours, and some that he worked 5 overtime hours. The Court issued a Final Judgment on October 31, 2005, and pursuant to Defendants' Motion to Alter or Amend Judgment, issued an Amended Final Judgment on November 14, 2005.



The Court should grant a new trial, because the jury's verdict is against the great weight of the evidence, with respect to the hours worked, as the testimony from Maximo Fernandez (an impartial witness) and Erik Weimar was that the shop was only open 44 hours per week, and therefore, because the jury found that Plaintiff worked 5 hours of overtime some weeks, a new trial is warranted.

Additionally, a new trial is warranted, because the jury was wrongly instructed concerning the standard for proving individual coverage, as the requested instruction of the Defendants (that the Defendants could be found not liable if the jury found that they were a local business or if the Plaintiff was not actually, personally a part of interstate commerce with his activities while working for Defendants) was not given. Also, it was error for the jury to have been instructed that the Plaintiff could fulfill the second element of his prima facie case if the jury found that he was engaged "in the production of goods for commerce", because it was undisputed that the Plaintiff only provided a service (transmission repair) and did not create any goods. Finally, the jury instruction on willfulness requires a new trial, because the jury was not given the Defendants' requested instruction that willfulness could only be found upon a finding of recklessness.

## MEMORANDUM OF LAW

### I. THE LEGAL STANDARDS FOR GRANTING A MOTION FOR NEW TRIAL

Motions for new trial can be granted for a variety of reasons, as follows:

> **(a) Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . .

Fed. R. Civ. P. 59(a). "The law is clear that a district court may grant [a motion for new trial] if the jury verdict is contrary to the great weight of the evidence." *Ard v. Southwest Forest Industries*, 849

F.2d 517, 520 (11th Cir. 1988). "[W]hen considering a motion for new trial, the trial judge may weigh the evidence, but it is proper to grant the motion only if the verdict is against the great, not just the greater, weight of the evidence." *Id.* "[W]here the verdict suggests that the jury was confused and misapplied the law, it is not an abuse of discretion to grant a new trial." *DeLong Equip. Co. v. Washington Mills Electro Mining Corp.*, 990 F.2d 1186, 1206-07 (11th Cir.), *opinion amended*, 997 F.2d 1340 (11th Cir.), *cert. denied*, 510 U.S. 1012 (1993).

In this case, because the shop was only open for 40 hours during the week, and from 8:00 a.m. to 12:00 noon on Saturday (closed Sunday), the jury's finding that with respect to 22 weeks, the Plaintiff worked 5 hours of overtime is contrary to the great weight of the evidence and warrants a new trial.

Finally, the Court should note that the award of 5 hours of overtime for those 22 weeks is also speculative and is contrary to the law with respect to the Plaintiff's burden of proof to prove damages. The Eleventh Circuit has held that when there are no records of hours worked, a burden-shifting test is applicable: the employee has the burden to prove he performed work for which he was improperly compensated and the plaintiff must produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Amcor, Inc. v. Brock*, 780 F.2d 897, 900 (11th Cir. 1986). The burden then shifts back to the defendant to come forward with of the precise amount and extent of the work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. Id.

In this case, the Defendants came forward with evidence that it was not possible for the Plaintiff to ever have worked more than 44 hours in a workweek. Moreover, clearly the Defendants came forward with evidence to negative the reasonableness of the inference drawn from the Plaintiff's testimony that he worked 8:00 a.m. – 3:00 p.m. on Saturdays. This should also be viewed

in conjunction with the Plaintiff's testimony that he worked 48-52 hours per week. That is not possible, because the Defendants came forward with evidence that the shop was locked on Saturdays after 12:00 noon. Accordingly, the Plaintiff has not proved his damages to a reasonable certainty which requires a new trial, and the verdict clearly requires a new trial given that the jury found that the Plaintiff worked more than 4 hours of overtime in a week.

A new trial is warranted because the jury was not properly instructed concerning the standard of proof for individual coverage. Under FLSA jurisprudence, "commerce" and "interstate commerce" are narrower terms of art than in other areas of Commerce Clause jurisprudence. As the United States Supreme Court has clearly held, "we cannot be unmindful that Congress in enacting this statute plainly indicated its purpose to leave local business to the protection of the states [because] Congress did not exercise in this Act the full scope of the commerce power." *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 571 (1943). This type of language needed to be given to the jury. Without it, the Defendants could not argue that they should prevail because they are local business, and the statute does not apply to them.

Another Supreme Court case noted that it is abundantly clear that Congress did not intend coverage under the FLSA to extend to the full extent permissible under the Commerce Clause, because regulation of hours and wages does not extend to the farthest reaches of federal authority. *McLeod v. Threlkeld*, 319 U.S. 491 (1943). Therefore, it is not enough, given this stricture, that Plaintiff in this case demonstrate that his employment activities merely 'affect' commerce, *id.*; 29 C.F.R. § 776.9, but rather the Plaintiff's activities must be in commerce itself, not just closely related to commerce. *Wirtz v. B. B. Saxon Co.*, 365 F.2d 457 (5th Cir. 1966). Moreover, a "substantial part" of the employees activities must be in commerce itself. *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 572 (1943). Accordingly, workers who work with cleaning fluids, sewage

services, rodent control, base housing, and record keeping, even though the products at issue traveled in interstate commerce, those employees are not entitled to invoke individual coverage under the Act. *Wirtz v. B. B. Saxon Co.*, 365 F.2d 457 (5th Cir. 1966). Theses cases slam the door on the Plaintiff's attempt to show that he was engaged in commerce in this case, but the Defendants could not argue these points to the jury because no such jury instruction consistent with this case law was given.

In cases arising under the FLSA, there are two possible ways in which an employee may demonstrate that the employer is covered under the Act: 1) individual coverage, and 2) enterprise liability. The Court has already ruled that Defendants are not subject to enterprise liability. *Order on Defendants' Motion for Summary Judgment*. Individual coverage "remains limited to those employees directly engaged in interstate commerce or in the production of goods for interstate commerce." *Rivera v. Heights Landscaping, Inc.*, 2004 WL 434214 *3 (N.D. Ill. 2004). For purposes of determining individual coverage, "mere use, physical touching, or consumption of goods" that have traveled in interstate commerce is not enough. *Joles v. Johnson County Youth Servs. Bureau, Inc.*, 885 F.Supp. 1169 (S.D. Ind.1995). Plaintiffs cannot establish individual coverage merely by showing that in the course of their work they used goods that originated out of state. *Rivera*, 2004 WL 434214 at *3. In the instant case, it makes no difference whether the Plaintiff used transmission fluid or other auto parts that had previously traveled in interstate commerce, nor does it matter where the cars on which he worked were made. Such facts are only appropriate for determining *enterprise* liability for an "enterprise engaged in commerce" under the FLSA statutory definition in 29 U.S.C. § 203(s), an inquiry that would be out of place here because Court has already ruled that Defendants are not subject to enterprise liability. *Order on Defendants' Motion for Summary Judgment*. However, the Plaintiff was allowed to introduce evidence

5

concerning the use of cleaners and fluids which he did not purchase or procure but simply used, and the jury was instructed that that was sufficient to hold the Defendants liable. That is inconsistent with the aforementioned case law, which requires that the Court grant a new trial, and properly instruct the jury.

Where an enterprise makes less than $500,000.00, "individual coverage" applies only to those employees who are *themselves* "engaged in commerce," a much higher burden because, under the FLSA, "[t]he focus of coverage became 'commerce', not in the broadest constitutional sense, but in the limited sense of [29 U.S.C. § 203(b)]: 'trade, commerce, transportation, transmission, or communication among the several States." *Marshall v. Whitehead*, 463 F. Supp. 1329, 1345 (M.D. Fla. 1978) (citing *Mitchell v. H. B. Zachry Co.*, 362 U.S. 310, 315 (1960)). The burden is higher for showing that an individual employee is "engaged in commerce" for purposes of establishing individual coverage because of the "concern of Congress to avoid undue displacement of state regulation of activities of a dominantly local character." *Id.*

"In determining whether an employee is engaged in commerce, federal courts look to the extent to which the employee's work is so closely related to the movement of commerce that it may be deemed - for practical purposes - a part of it, rather than merely an isolated local activity." *Figueroa v. America's Custom Brokers, Inc.*, 48 F. Supp. 2d 1372, 1375 (S.D. Fla. 1999) (citing cases). Again, this type of instruction was proposed by the Defendants, and should have been given to the jury, so that they could argue that the Plaintiff was really not an actual part of commerce, but rather was involved in an isolated, local activity (the use of cleaners). The United States Supreme Court has found the same narrow application of the individual coverage, using the same language, in *Mitchell v. Lublin McGaughey & Associates*, 358 U.S. 207, 209 (1959).

Also, it was error for the jury to have been instructed that the Plaintiff could fulfill the second element of his prima facie case if the jury found that he was engaged "in the production of goods for commerce", because it was undisputed that the Plaintiff only provided a service (transmission repair) and did not create any goods. The jury may have thought that the Plaintiff satisfied the second element because he was engaged in the production of goods for commerce (as opposed to simply being engaged in commerce) and that would be totally inconsistent with the evidence, because there was no evidence to support the conclusion that the Plaintiff had anything to do with any goods in commerce, much less producing them, because the Defendants only provide a service—transmission repair.

It was also error for the Court not to use the Defendants' proffered jury instruction concerning willfulness, namely, the use of the term recklessness. The actual term recklessness was not given to the jury, and thus the Defendants were prejudiced by not being able to argue to the jury that unless it found actual recklessness on the part of the Defendants, willfulness should not be found.

## CONCLUSION

For the foregoing reasons, the Defendants should be granted a new trial.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been duly furnished by U.S. mail to: J.H. Zidell, Esq., City National Bank Building, 300 71st Street, Suite #605, Miami Beach, Florida 33141, this ____ day of November, 2005.

>Glasser, Boreth, Ceasar & Kleppin
>Attorneys for Defendants
>8751 W. Broward Blvd.
>Suite 105
>Plantation, FL 33324
>Tel. (954) 424-1933
>Fax (954) 474-7405
>E-mail: Glabor@aol.com
>
>By: _____
>Chris Kleppin
>Fla. Bar No. 625485
>
>Harry O. Boreth
>Fla. Bar No. 190903

C:/MyDocuments/SuperTransmission/DefMforNewTrial11/28/05